UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| MAXIMINO ARRIAGA, <br><br> Plaintiff, <br><br> v. <br><br> SIDNEY ROBERTS et al. <br><br> Defendants. | **MEMORANDUM DECISION <br> & ORDER DISMISSING DEFENDANTS AND GRANTING MOTION FOR SUMMARY JUDGMENT** <br><br> Case No. 2:16-cv-31 RJS <br><br> Chief District Judge Robert J. Shelby |

Plaintiff, Maximino Arriaga, brings civil-rights claims against Utah State Prison (USP) defendants, Tony Washington, Bruce Burnham, and Sidney Roberts. *See* 42 U.S.C.S. § 1983 (2019). He argues these defendants violated his federal Eighth Amendment rights by providing inadequate medical care because of Plaintiff's immigration status.

Defendants filed a *Martinez* report, (Doc. No. 29), including this documentation: (1) declarations of Defendants and other relevant USP staff; (2) medical records; and (3) USP grievance policy. Based on their *Martinez* report, Defendants move for summary judgment, asserting qualified immunity. (Doc. No. 34.) Plaintiff replies, adding his sworn affidavit to the evidence. (Doc. No. 38.) The Court rules for Defendants.

**SUMMARY-JUDGMENT STANDARD**

Summary judgment is proper when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party may support factual assertions by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or

declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials." *Id*. at 56(c)(1). Summary judgment's purpose "is to isolate and dispose of factually unsupported claims or defenses." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986).

The movant has the "initial burden to demonstrate an absence of evidence to support an essential element of the non-movant's case." *Johnson v. City of Bountiful*, 996 F. Supp. 1100, 1102 (D. Utah 1998). Once movant meets this burden, "the burden then shifts to the non-movant to make a showing sufficient to establish that there is a genuine issue of material fact regarding the existence of that element." *Id*. To do so, the non-movant must "go beyond the pleadings and 'set forth specific facts' that would be admissible in evidence in the event of a trial from which a rational trier of fact could find for the nonmovant." *Adler v. Wal-Mart Stores*, 144 F.3d 664, 671 (10th Cir. 1999) (citation omitted). In ruling on a summary-judgment motion, this Court must "examine the factual record and reasonable inferences therefrom in the light most favorable to the party opposing the motion." *Sealock v. Colorado*, 218 F.3d1205, 1209 (10th Cir. 2000).

This Court notified Plaintiff that, in response to a summary-judgment motion, "Plaintiff cannot rest upon the mere allegations in the complaint. Instead . . . Plaintiff must allege specific facts, admissible in evidence, showing that there is a genuine issue remaining for trial." (Doc. No. 17, at 3.) In Plaintiff's response, he did not identify material facts in dispute.

## QUALIFIED IMMUNITY

Defendants' assertion of qualified immunity modifies the summary-judgment review. Asserting qualified immunity, a state employee creates a rebuttable presumption that she is immune from the plaintiff's § 1983 claims. *See Medina v. Cram*, 252 F.3d 1124, 1129 (10th Cir.

2001). And rather than "focus[ing] on the existence of genuine disputes of material fact," the court must "'determine whether plaintiff's factual allegations are sufficiently grounded in the record such that they may permissibly comprise the universe of facts that will serve as the foundation for answering the *legal* questions before the court.'" *Spencer v. Abbott*, No. 16-4009, 2017 U.S. App. LEXIS 24668, at *10 n.6 (10th Cir. Dec. 5, 2017) (unpublished) (emphasis in original) (quoting *Cox v. Glanz*, 800 F.3d 1231, 1243 (10th Cir. 2015)).

The qualified immunity analysis has two parts: first, whether, under the facts alleged by the plaintiff, the government officials violated a constitutional right; and second, "whether the right at issue was 'clearly established' at the time of the defendant's alleged misconduct." *Pearson v. Callahan*, 555 U.S. 223, 232 (citing *Saucier v. Katz*, 533 U.S. 194, 201 (2001)). If the plaintiff fails to satisfy either element of his burden, the court must grant the defendant qualified immunity. *See Medina*, 252 F.3d at 1128. When the material facts are not disputed, the question of immunity "is a legal one for the court to decide." *Gomes v. Wood*, 451 F.3d 1122, 1136 (10th Cir. 2006). Such is the case here.

## UNDISPUTED MATERIAL FACTS[1]

• The Amended Complaint was filed on July 30, 2017.[2] (Doc. No. 16.)

• During the relevant time period, Plaintiff was a USP inmate. (Doc. No. xx)

• During the relevant time, Defendant Washington was Clinical Services Bureau Administrator at USP. (Doc. No. 29-3, at 3.) He is the administrator of the medical department and staff, but does not give medical treatment or input regarding clinical decisions for patients. (*Id*.) He is not familiar with Plaintiff and has never met him. (*Id*.)

---

[1] In his reply to Defendants' summary-judgment motion, Plaintiff discusses bottom-bunk clearance, falls he took, and loss of feeling in some body parts. (Doc. No. 42.) However, the Court considers only the specific inadequate medical claims that Plaintiff raised in the Amended Complaint and views mention of other issues to be extraneous here.
[2] Any events that took place after this are not considered by the Court.

• During the relevant time, Defendant Burnham was USP medical director but did not treat Plaintiff. (Doc. No. 29-4, at 3-4.)

• During the relevant time, Defendant Roberts was a doctor at USP. (Doc. No. 31, at 8.)

• On May 2, 2016, during an appointment about hip pain, Defendant Roberts refused Plaintiff's request for Neurontin. (Doc. No. 31, at 31.) Defendant Roberts believed Neurontin was not medically indicated. (Doc. No. 29-5, at 4.) Defendant Roberts instead stated that he would prescribe ibuoprofen or Tylenol; Plaintiff declined. (*Id.*) No exam was done due to Plaintiff's belligerence. (*Id.*)

• "Neurontin is not approved by the Food and Drug Administration (FDA) to treat orthopedic pain. . . . This medication has no indication for treatment of orthopedic disorders, which is what [Plaintiff] was requesting it for." (*Id.*)

• Defendant Roberts did not know Plaintiff's immigration status; such status was not reflected in his medical records. (*Id.*) Plaintiff does not indicate any way that Defendant Roberts could have known his immigration status.[3]

## ANALYSIS

## I. LACK OF AFFIRMATIVE LINK

The facts must clearly show what each individual defendant did to violate Plaintiff's civil rights. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976) (stating personal participation defendant is essential allegation in civil-rights action). This means that Plaintiff must "'make clear exactly *who* is alleged to have done *what* to *whom*.'" *Stone v. Albert*, No. 08-

---

[3] Plaintiff states that Defendant Roberts "do[es] not dispute he is not English fluent, nor conversational," perhaps as though there might be a connection or inference to be made between Plaintiff's language ability and his immigration status. (Doc. No. 42, at 3.) However, Defendant Roberts had no reason to dispute or even address whether Plaintiff had a language barrier. It is not relevant to immigration status. For Defendant Roberts to not dispute language ability is not the same as Defendant Roberts knowing Plaintiff's immigration status. This would require Defendant Roberts to make a major leap that is neither warranted nor logical: language facility equals immigration status.

The only directly relevant evidence before the Court on Defendant Roberts' knowledge of Plaintiff's immigration status is Defendant Roberts' sworn statement that he did not know Plaintiff's immigration status and the status was not indicated in Plaintiff's medical records. And this case is all about just one encounter between Defendant Roberts and Plaintiff: a discrete medical appointment in which Plaintiff asked for Neurontin for pain, to which Defendant Roberts replied no, but here are a couple of other options to treat pain. Even if it was relevant, there is no indication in the evidence that the language barrier was even apparent in this relatively short, isolated interaction. Obviously, Plaintiff was able to communicate that he wanted a specific drug and able to understand Defendant Roberts declining the request.

2222, slip op. at 4 (10th Cir. July 20, 2009) (unpublished) (emphasis in original) (quoting *Robbins v. Oklahoma*, 519 F.3d 1242, 1250 (10th Cir. 2008)). Plaintiff may not succeed in a claim based solely on supervisory liability. *See Mitchell v. Maynard*, 80 F.3d 1433, 1441 (10th Cir. 1996) (stating supervisory status alone is insufficient to support liability under § 1983). Nor does "denial of a grievance, by itself without any connection to the violation of constitutional rights alleged by plaintiff . . . establish personal participation under § 1983." *Gallagher v. Shelton*, No. 09-3113, 2009 U.S. App. LEXIS 25787, at *11 (10th Cir. Nov. 24, 2009).

Under these guidelines, the Court concludes Plaintiff has not affirmatively linked Defendants Washington and Burnham to his claims, but has instead identified them merely as supervisors--and not tied any material facts to them. Plaintiff's claims against these defendants therefore may not survive further. And Defendants Washington and Burnham are dismissed.

## II. REMAINING DEFENDANT ROBERTS AND INADEQUATE MEDICAL CARE

Plaintiff argues Defendant Roberts's actions violated his Eighth Amendment rights--i.e., Defendant's medical care of Plaintiff was so deficient as to equal cruel and unusual punishment. The Court considers only the first prong of the qualified-immunity analysis: Based on the undisputed material facts, did Defendant Roberts violate Plaintiff's constitutional right to be free from cruel and unusual punishment--i.e., provide inadequate medical treatment?

### A. Deliberate Indifference Legal Standard

Deliberate indifference to a prisoner's serious medical needs "'constitutes the unnecessary and wanton infliction of pain proscribed by the Eighth Amendment.'" *Martinez v. Garden*, 430 F.3d 1302, 1304 (10th Cir. 2005) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)). "'Deliberate indifference' involves both an objective and a subjective component." *Id.*

The objective component is met if the deprivation is "sufficiently serious." *Farmer v. Brennan,* 511 U.S. 825, 834 (1994) (internal quotation marks omitted). A medical need is sufficiently serious "if it is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Hunt v. Uphoff,* 199 F.3d 1220, 1224 (10th Cir. 1999). The subjective component is met if a prison official "knows of and disregards an excessive risk to inmate health or safety." *Farmer,* 511 U.S. at 837. "In measuring a prison official's state of mind, 'the official must be both aware of facts from which the inference could be drawn that substantial risk of serious harm exists, and he must also draw the inference.'" *Martinez*, 430 F.3d at 1304 (quoting *Riddle v. Mondragon*, 83 F.3d 1197, 1204 (10th Cir. 1996)).

### B. Difference of Opinion on Pain Medication

Disagreement with medical judgment does not constitute deliberate indifference. *Green v. Branson*, 108 F.3d 1296, 1303 (10th Cir. 1997). Further, negligence allegations are insufficient to state a claim. *Estelle*, 429 U.S. at 105.

In *Todd v. Bigelow*, 497 F. App'x 839 (10th Cir. 2012), the Tenth Circuit noted that the inmate's preference for Neurontin over other medicine did not give rise to an Eighth Amendment claim. *Id.* at 842. "[A] difference of opinion with the medical staff as to the optimal pain-management regimen does not amount to deliberate indifference." *Id.; see also Wishneski v. Andrade,* 572 F. App'x 563, 569 (10th Cir. 2014) (stating inmate may not prevail on challenge to medical judgment in substituting other medicine for narcotic painkiller); *Pumphrey v. Wood*, No. 1:12-CV-115-TS, 2015 U.S. Dist. LEXIS 38754, at *5-20 (D. Utah March 25, 2015) (unpublished) (holding inmate's medical condition not sufficiently serious to state Eighth

Amendment claim for failure to prescribe Neurontin when medication would not stop advancing of underlying medical condition).

### C. Applying Law to Facts

Against the backdrop of these principles, Plaintiff's claims fail on the Eighth Amendment's subjective prong.[4] Plaintiff does not show that Defendant Roberts was deliberately indifferent to a serious risk of substantial harm. Neurontin is not indicated for orthopedic pain. Further, Plaintiff's pain apparently did not reach such a threshold that he would accept alternative pain medicine. At all relevant times, he had access to pain relief like acetaminophen and ibuprofen. Plaintiff's allegation that Defendant Roberts violated his Eighth Amendment rights by refusing his choice of medicine is merely a disagreement with his treatment provider's medical judgment and does not show deliberate indifference. *See Mosley v. Snider*, 10 F. App'x 663, 664-65 (unpublished) (10th Cir. March 22, 2001) (concluding disagreement with prescribed treatment did not support Eighth Amendment claim when doctor decided medication no longer needed and inmate refused alternative medication); *Self v. Crum*, 439 F.3d 1227, 1232-33 (10th Cir. 2006) ("[S]ubjective component is not satisfied, absent an extraordinary degree of neglect, where a doctor merely exercises his considered medical judgment. Matters that traditionally fall within the scope of medical judgment are such decisions as whether to consult a specialist . . . . [W]here a doctor orders treatment consistent with the symptoms presented and then continues to monitor the patient's condition, an inference of deliberate indifference is unwarranted under our case law."). *Olsen v. Stotts*, 9 F.3d 1475, 1477 (10th Cir. 1993); *LeDoux v. Davies*, 961 F.2d 1536, 1531 (10th Cir. 1992); *Ramos v. Lamm*, 639 F.2d 559, 575 (10th Cir. 1980).

---

[4] Therefore, the Court need not address the objective prong, which it leaves undecided.

7

There is no dispute: Defendant Roberts neither knew Plaintiff's immigration status nor ignored his medical needs. As a matter of law, when as here, a medical provider treats an inmate based on the provider's considered medical judgment--even if the inmate disagrees--the situation does not rise to the level of deliberate indifference. Based on undisputed, material facts, Plaintiff does not show either the objective or subjective prong of an Eighth Amendment violation.

## CONCLUSION

The Court concludes that Defendants Washington and Burnham were not affirmatively linked to a violation of Plaintiff's civil rights. The Court further concludes that Defendant Roberts was not deliberately indifferent to serious medical needs. And, Defendant Roberts is entitled to qualified immunity as a matter of law.

**IT IS ORDERED** that Defendants Washington and Burnham are DISMISSED with prejudice. **IT IS FURTHER ORDERED** that Defendant Roberts's Motion for Summary Judgment is **GRANTED**. (Doc. No. 34.)

Dated this 21st day of March, 2019.

BY THE COURT:

_____
CHIEF JUDGE ROBERT J. SHELBY
United States District Court